```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARRYL LEE BROWN, SR.          :      CIVIL ACTION
                               :
           v.                  :
                               :
KIMBERLY APONTE, et al.        :      NO. 06-2096
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    October 3, 2006

The plaintiff in this matter has filed requests for default judgment against the two remaining defendants in this matter, Contimortgage Corporation ("Contimortgage") and the First National Bank of Chicago ("First National Bank"). This Court will deny the plaintiff's requests. In addition, because the plaintiff's claims against these two remaining defendants are identical to those this Court has already dismissed in ruling on other defendants' motions to dismiss, this Court will dismiss these remaining claims with prejudice for failure to state a claim.

The plaintiff here, an inmate at SCI-Cumberland proceeding pro se but not in forma pauperis, filed this action on May 18, 2006, against thirteen defendants, including three Pennsylvania state judges, several assistant district attorneys and other state officials, and three financial institutions, First National Bank, Contmortgage, and National Mortgage Co.

This is the plaintiff's fifth civil lawsuit filed in this Court since 2002, the four prior lawsuits all having been dismissed for failure to state a claim or failure to prosecute.

The plaintiff's complaint is lengthy and difficult to understand, but it essentially brings two claims: 1) that the three judicial defendants violated 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the Constitution by failing to hold prompt hearings to vacate certain judgments and to return unspecified property to the plaintiff; and 2) that all defendants committed a breach of contract by failing to honor various security agreements under the Uniform Commercial Code, including at least one that the plaintiff alleges to have perfected in a legal simulacrum of himself. Compl. ¶¶ 34, 55, 65, 88, Counts 1-15. With respect to several of these security interests, the plaintiff alleges that he has obtained judgments to which he has assigned a value of one hundred billion dollars each. The plaintiff contends that the defendants' failure to honor these security interests entitles him to over ten million dollars in damages for each violation. Compl. ¶¶ 30, 49, 62, 68, 82, 98, Counts 1-15.

Eleven of the thirteen defendants were validly served with process and moved to dismiss. The Court granted these motions on August 31, 2006, finding that the alleged security interests were signed by the plaintiff only and therefore could

not be the basis for a breach of contract claim and that the plaintiff had failed to state a claim for constitutional violations.

The plaintiff has now filed a request for a default judgment upon the remaining two defendants, Contimortgage and First National Bank. The plaintiff previously requested a default against Contimortgage in July 2006. The Court denied this request in its Order of July 31, 2006, because the plaintiff had not validly served Contimortgage by restricted delivery as required under Pennsylvania Rule of Civil Procedure 403, incorporated into the Federal Rules of Civil Procedure by Rule 4(h) and 4(e)(1). The plaintiff states in his Praecipe for Default Judgment that he subsequently re-served Contimortgage by restricted delivery on August 8, 2006. The most recent affidavit of service for defendant First National Bank of Chicago (Docket No. 39) also indicates service by restricted delivery.

The plaintiff's request for a default judgment will be denied and the plaintiff's remaining claims dismissed. The only federal claims in the plaintiff's complaint were his § 1983 and constitutional claims against the judicial defendants. These claims were dismissed by the Court in its Order of August 31, 2006. As stated in that Order, the plaintiff's allegations that the defendant judges failed to hold a prompt hearing on alleged violations of his security agreements and failed to issue a

judgment in his favor (Compl. ¶¶ 202, 228, 264) do not state a claim under § 1983 or the Fifth or Fourteenth Amendments to the Constitution.  Moreover, even if such claims were cognizable under § 1983 or the Constitution, they would be barred by judicial immunity.  <u>Azubuko v. Royal</u>, 443 F.3d 302 (3d Cir. 2006) (upholding dismissal of § 1983 claims for damages against state judges for actions taken in prior lawsuits).

Having previously dismissed the only federal claims in the plaintiff's lawsuit, this Court may decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims against Contimortgage and the First National Bank of Chicago.  28 U.S.C. § 1367(c)(2).  In determining whether to decline jurisdiction the Court must consider and weigh "the values of judicial economy, convenience, fairness, and comity."  <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988).  If the Court declines jurisdiction and dismisses the case, however, the dismissal must be without prejudice.  <u>Id.</u>

Here, there is no benefit to judicial economy, convenience, fairness or comity in declining to exercise jurisdiction.  The plaintiff's claims against Contimortgage and the First National Bank of Chicago are essentially identical to those already dismissed against defendant National Mortgage Co. for failure to state a claim.  Declining to exercise jurisdiction and allowing the plaintiff the opportunity to re-file these

claims in state court will serve neither judicial economy nor comity, but instead will merely burden the state courts with meritless claims that could be resolved now.  Similarly, convenience and fairness to the remaining defendants would be best served by this Court ruling on the merits of the plaintiff's claims.

   The three financial defendants in this suit – Contimortgage, the First National Bank of Chicago, and National Mortgage Co. – are alleged to have been sent notices by the plaintiff informing them that the plaintiff was the owner of several different parcels of real property in Philadelphia in which he had obtained security interests.  The notices allegedly demanded the return of these properties to the plaintiff, apparently on the ground that the plaintiff's security interest gave the plaintiff a superior claim to the properties.  The notices also told the financial institutions that unless they responded to the plaintiff's claim they would be deemed to have submitted to a "contractual obligation."  On the basis of the financial institutions' failure to respond and the legal maxim that "silence equals consent," the plaintiff alleges the institutions are responsible for breach of this "self-executing" contract and infringement of the plaintiff's security interest in the properties.  Compl. ¶¶ 143-153, 155-165, 167-177.

As found in this Court's August 31, 2006, Order dismissing these claims against National Mortgage Co., these allegations fail to state a claim for breach of contract. The plaintiff's alleged security agreements were not signed by any defendants, nor under the facts alleged in the Complaint can defendants' silence be construed as assent to the plaintiff's claims.

To form an enforceable contract, both parties must manifest an intention to be bound by its terms. ATACS Corp. v. Trans World Comm., 155 F.3d 659, 665 (3d Cir. 1998) (applying Pennsylvania law). The "decisive inquiry in contract formation is the 'manifestation of assent of the parties to the terms of the promise and to the consideration for it.'" Id., citing 1 Samuel Williston, A Treatise on the Law of Contracts § 23, at 51 (Walter H.E. Jaeger ed., 3d ed. 1957) and Restatement (Second) of Contracts § 22 (1981). Silence will not constitute acceptance of an offer in the absence of a duty to speak. Solis-Cohen v. Phoenix Mut. Life Ins. Co., 413 Pa. 633, 635-36, 198 A.2d 554, 555 (1964); Restatement (Second) of Contracts § 69 (1981). Merely sending an unsolicited offer does not impose upon the party receiving it any duty to speak or deprive the party of its

privilege of remaining silent without accepting.  Restatement § 69 cmt. a, c.[1]

Here, the plaintiff alleges only that he sent the financial defendants a notice demanding that they transfer certain property to him and warning that failure to accede to his claim without "good cause shown (superior claim)" would be deemed consent to a contractual obligation.  This unilateral attempt to impose a contractual obligation did not create a duty on the part of the financial institutions to respond, and their mere silence, in the absence of any intent by them to be bound, could not create a valid contract.  As the plaintiff's factual allegations, even viewed in the light most favorable to him, fail to establish the existence of a contract, the plaintiff has failed to state a claim for breach of that contract on the part of defendants Contimortgage or First National Bank.

When, as here, it becomes apparent that a plaintiff's complaint fails to state a claim, a district court may dismiss the claim <u>sua sponte</u>, if service has been made upon the defendants and the plaintiff has had an opportunity to address the deficiency.  <u>Oatess v. Sobolevitch</u>, 914 F.2d 428, 430, 430

---

[1] Although the plaintiff does not allege which jurisdiction's law applies to his claims, his complaint alleges that he is a citizen of Pennsylvania and filed the security agreements at issue in Pennsylvania with respect to property in Pennsylvania.  The Court will therefore apply Pennsylvania law to his claims.

n.5 (3d Cir. 1990); see also Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976) (noting authority for sua sponte dismissal for failure to state a claim), citing 5 [now 5B] Wright & Miller, Federal Practice and Procedure: Civil s 1357; cf. Couden v. Duffy, 446 F.3d 483 (3d Cir. 2006) (upholding a sua sponte grant of summary judgment in favor of a non-moving defendant where the grounds for dismissal were identical to those for the moving defendants).

      Here, both of the remaining defendants have been validly served by mail sent restricted delivery, and the plaintiff has had notice and opportunity to address whether he stated a valid contract claim in the briefing on the other defendants' motions to dismiss. The plaintiff filed three opposition briefs to those motions (Docket Nos. 28, 34, 37), all of which addressed the validity of his contract claims. He also had an opportunity to amend his complaint in response the motions. Accordingly, the Court has authority to dismiss the plaintiff's claims sua sponte.

      Dismissal for failure to state a claim is ordinarily without prejudice to a plaintiff's ability to amend his complaint unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 202 (3d Cir. 2002). Here, however, the Court finds allowing the plaintiff to amend his claim would be futile because the essence of the plaintiff's

claim – that he can create a contractual obligation by serving a demand notice that says failure to respond will be construed as consent – is simply incorrect as a matter of black- letter contract law.

The Court will therefore dismiss with prejudice the plaintiff's remaining allegations against Contimortgage and First National Bank sua sponte for failure to state a claim.

An appropriate Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARRYL LEE BROWN, SR.         :     CIVIL ACTION
                              :
          v.                  :
                              :
KIMBERLY APONTE, et al.       :     NO. 06-2096
```

                                ORDER

AND NOW, this 3rd day of October, 2006, upon consideration of the Plaintiff's Praecipes to Enter Default Judgment Pursuant to Federal Rule of Civil Procedure 55(a) against The First National Bank of Chicago and Contmortgage Corporation (Docket Nos. 41 and 42), IT IS HEREBY ORDERED that the plaintiff's Praecipes to Enter Default are DENIED, and, it appearing that the plaintiff has failed to state a claim against these defendants for the reasons set out in this Court's prior order of August 31, 2006 (Docket No. 40) and that allowing the plaintiff to amend his complaint would be futile, IT IS FURTHER ORDERED that this case shall be DISMISSED WITH PREJUDICE for the reasons set forth in the accompanying memorandum.

          This case is closed.


                                        BY THE COURT:


                                        /s/ Mary A. McLaughlin
                                        MARY A. McLAUGHLIN, J.